FILED IN CHAMBERS
U.S.D.C. Rome

SEP 19 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KOFI B. BOTA,

      Plaintiff,

v.

CLARK ATLANTA UNIVERSITY, INC.,

      Defendant.

CIVIL ACTION

NO. 1:06-CV-1743-RLV

## O R D E R

This action was originally filed in the Superior Court of Fulton County, Georgia, but was subsequently removed to this court on the basis of federal question jurisdiction. Pending before the court are the plaintiff's Motion to Remand [Doc. No. 7] and the defendant's Motion to Dismiss [Doc. No. 5]. For the reasons set forth below, this court DENIES the plaintiff's motion and GRANTS IN PART the defendant's motion.

    A.    Motion to Remand

Civil actions brought in state courts over which the federal courts have original jurisdiction may be removed by a defendant to a proper district court of the United States. 28 U.S.C. § 1441(a). When removal is contested, that court must look to the plantiff's complaint to determine whether removal was proper. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). In this case, after filing his original complaint, the plaintiff subsequently filed an Amended Complaint, after which, the defendant filed its Notice of Removal. Then, after this case had been

removed, the plaintiff filed a Second Amended Complaint. Thus, there are two complaints in the record: the Amended Complaint and the Second Amended Complaint.

A threshold matter here is to determine upon which of the two amended complaints this court must base its decision. In this analysis, the sequence of events is key. The Eleventh Circuit Court of Appeals has held that in determining whether subject matter jurisdiction exists in a case, a court may only consider "whether it had subject matter jurisdiction at the time of removal." Poole v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290-91 (2000). In Poole, the plaintiff had amended its complaint *after* the case had been removed by the defendant; that post-removal amendment removed certain claims for damages and redefined the class of individual plaintiffs. Subsequently, that plaintiff filed a Motion to Remand, claiming that the district did not have subject matter jurisdiction since the newly amended complaint failed to meet the amount in controversy requirement. In reversing the district court, the Eleventh Circuit found that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Id.* at 1289-91. That is, a court must look only to the plaintiff's complaint as it existed at the time of removal to determine whether it has jurisdiction.

Accordingly, this court may not consider the plaintiff's Second Amended Complaint.[1]

In his Notice of Removal, the defendant invoked the federal question jurisdiction of this court. In such a case, the burden is on the defendant to show that the complaint presents a federal question. <u>Dunlap v. G&L Holding Group, Inc.</u>, 381 F.3d 1285, 1289 (11th Cir. 2004). A federal question is a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether this court's federal question jurisdiction applies to a particular action is governed by the "well-pleaded complaint rule," which provides that such jurisdiction exists only "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 107 S.Ct. 2425, 2429 (1987).

At issue in this motion is whether the plaintiff's Amended Complaint asserts a claim that arises under federal law. The relevant portion of plaintiff's complaint states:

> Section E of the Settlement Agreement provided the following language: "CAU shall remove Dr. Kofi Bota from any position where he has responsibility over federal funding." Based on this provision, Defendant has intentionally misinterpreted the language to authorize it to legally debar Plaintiff from participating in any federal grant or contract in contravention of 28 C.F.R. §§ 67.300-67.1020. On or about

---

[1] The court notes that this reasoning is academic in this particular case since the defendant had already served an answer, requiring the plaintiff to seek court permission to file his Second Amended Complaint. Fed. R. Civ. P. 15(a). Because the plaintiff failed to obtain court permission, however, the Second Amended Complaint was never properly before this court.

>June 2, 2006 Defendant has undertaken certain actions to remove or otherwise replace Plaintiff.

Pl.'s Am. Compl.

In his Motion to Remand, the plaintiff asserts that his complaint for injunctive relief is based solely on a state law claim against the defendant and that he is not seeking injunctive relief from federally sanctioned action. [Doc. No. 7 at 6-7.] However, even if this court were to agree that the Amended Complaint raises only state law claims, the plaintiff nevertheless "may not avoid federal jurisdiction if . . . his state-law claims raise substantial questions of federal law." Dunlap, 381 F.3d at 1290. A "substantial question of federal law" is raised when an "essential element" of a complaint is grounded in federal law. Id. Although "the mere presence of a federal issue in a state claim does not confer federal jurisdiction," Merrel Dow Pharm. v. Thompson, 106 S.Ct. 3229, 3234 (1986), a court will have federal question jurisdiction when an "essential element" of the claim requires a court to determine the effect or construction of a federal law. Dunlap, 381 F.3d at 1291.

Reading the plain language of the complaint, as this court must, the court finds it clear that the plaintiff's action "arises" under federal law because it claims that the defendant has wrongfully acted "in contravention of 28 C.F.R. §§ 67.300-67.1020." In essence, the way that the Amended Complaint is written, the plaintiff is claiming that the defendant has misinterpreted its

4

obligations under a separate settlement agreement with the government to authorize the defendant to take action that is "in contravention of" federal law. Consequently, adjudication of the plaintiff's claim requires a court to look at sections 67.300-67.1020 and determine whether the defendant's actions are indeed in violation of that regulation. Therefore, the construction or effect of a federal law is an "essential element" of the claim and this court may properly exercise federal question jurisdiction. The plaintiff's Motion to Remand is DENIED.

B. <u>Motion to Dismiss</u>

A motion to dismiss for failure to state a claim is properly granted only when the moving party demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Harper v. Blockbuster Entm't Corp.</u>, 139 F.3d 1385, 1387 (11th Cir.1998). Although the facts alleged in a complaint are assumed to be true for purposes of a motion to dismiss, conclusory allegations and legal conclusions are entitled to no deference in the court's consideration of such a motion. *See* <u>South Fla. Water Mgmt. Dist. v. Montalvo</u>, 84 F.3d 402, 409 n.10 (11th Cir.1996). Upon considering a motion to dismiss, a court is generally limited to examining the face of the pleadings. However, because the plaintiff's Amended Complaint refers to specific documents that are central to his claims, and because the defendant attached, or referred to, those same documents in its memoranda in support of the Motion to Dismiss, this court properly

5

considers those exhibits as "part of the pleadings for purposes of Rule 12(b)(6) dismissal." <u>Brooks v. Blue Cross and Blue Shield of Florida, Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997).

    b) <u>Breach of Contract</u>

Taken together, the plaintiff's complaint and his argument made in opposition to the defendant's Motion to Dismiss present three separate claims relating to breach of contract:[2] (1) the defendant has breached the settlement agreement between the defendant and the United States by misinterpreting its obligations therein, (2) the defendant has breached its employment contract with the plaintiff; and (3) the defendant has tortiously interfered with the plaintiff's business relations.

In addressing his first breach of contract claim, the plaintiff fails to show that he has standing to assert such a claim. An action on a contract may be brought only by the parties to the contract or by a third-party when the contract is made for his or her benefit. O.C.G.A. § 9-2-20. Although it is not necessary to explicitly name an intended third-party as a party in order to create standing, the agreement must clearly appear to

---

[2] The court notes that the plaintiff's complaint presents "shotgun" pleadings, an unhelpful technique that the Eleventh Circuit has discouraged as contrary to the interests of justice. <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.</u>, 305 F.3d 1293 (11th Cir. 2002). In this case, the complaint incorporates the plaintiff's injunctive relief claim within his separate breach of contract claim. The plaintiff's memoranda ask for injunctive relief based on the defendant's alleged breach of the settlement agreement, which is wholly a breach of contract claim. Injunctive relief is not a claim itself; it is merely a remedy for a violation of the law.

intentionally benefit the third-party.  <u>Kaesemeyer v. Angiogenix, Inc.</u>, 278 Ga. App. 434, 438, 629 S.E.2d 22, 25 (2006).

In this case, the plaintiff clearly is not a party to the settlement agreement, nor is he a third-party beneficiary. Although he is named in the agreement, it is also evident that the agreement does not intend to benefit the plaintiff. Rather, the relevant provision of the settlement agreement, section III.1(e), serves only as one of many express obligations of the defendant (i.e. "CAU shall remove Dr. Kofi Bota from any position where he has responsibility over federal funding"). [Pl.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss]. The settlement agreement does not include the plaintiff as a party, nor is it constructed to confer a benefit upon him. Consequently, the plaintiff lacks standing to assert a breach of contract claim against the defendant based on the settlement agreement and has therefore failed to state a claim upon which relief could be granted.

In addressing the second and third breach of contract claims, the court notes that only state law is implicated. This court may properly exercise jurisdiction over these breach of contract claims only through its supplemental jurisdiction in accordance with 28 U.S.C. § 1367(a).  <u>See</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726-27(1966). However, <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350 (1988), teaches that once a court dismisses the only federal claim before it, it should remand the remaining state claims to state court. Accordingly, because the only federal claim

7

in this case has been dismissed, this court *sua sponte* remands this case as to the remaining two claims to state court. See 28 U.S.C. § 1447(c).

C. Summary

In summary, the plaintiff's motion to Remand [Doc. No. 7] is DENIED; and the defendant's Motion to Dismiss [Doc. No. 5] is GRANTED in part; the remaining claims are REMANDED to the Superior Court of Fulton County.

SO ORDERED, this 19th day of September, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge